

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PETE BACA, DON BULLIS,
PETE BUSTAMONTE, JESSE CARTER,
FERNANDO GALLEGOS, TODD GRIFFIN,
JAMES LAMB, DOLORES LEDESMA,
DANNY LOPEZ, LOUIS MALLION,
RICHARD MARTINEZ, RICHARD
MENEFEE, ANDREW MILLER, LEE
MULLIN, CHRIS ORTIZ, JIM PLAGINS,
JERRY ROTTLER, and GLENN
SLAUGHTER,

    Plaintiffs

    v.

GARY JOHNSON,
Governor of the State
of New Mexico in his Official
Capacity, DARREN WHITE, in his
Official Capacity as Cabinet
Secretary, New Mexico Department
of Public Secretary,

    Defendants.

CIV. NO. CIV 99 00350

Jury Trial Demanded



COMPLAINT FOR DAMAGES,
FOR VIOLATION OF THE CONSTITUTION
OF THE UNITED STATES AND THE STATE OF NEW MEXICO

    Comes now PETE BACA, DON BULLIS, PETE BUSTAMONTE, JESSE CARTER, FERNANDO GALLEGOS, TODD GRIFFIN, JAMES LAMB, DOLORES LEDESMA, DANNY LOPEZ, LOUIS MALLION, RICHARD MARTINEZ, RICHARD MENEFEE, ANDREW MILLER, LEE MULLIN, CHRIS ORTIZ, JIM PLAGINS, JERRY ROTTLER, and GLENN SLAUGHTER, (hereinafter "PLAINTIFFS") to state and allege for cause of action as follows:

1

1. This claim arises under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. Jurisdiction is vested pursuant to 42 U.S.C. 1983 and 28 U.S.C. sections 1331 and 1343. Plaintiffs request that the court assume pendent jurisdiction over all related State law claims.

2. PLAINTIFFS are employed as SPECIAL AGENTS by the Special Investigations Division of the New Mexico Department of Public Safety an agency within the executive branch of the State of New Mexico. PLAINTIFFS are citizens and residents of the State of New Mexico.

3. Defendant Gary Johnson is sued in his official capacity as elected Governor of the State of New Mexico. Governor Johnson is the State of New Mexico's chief executive officer and has final authority over the State's executive branches and departments including the Department of Public Safety.

4. DARREN WHITE is sued in his official capacity of Cabinet Secretary of the New Mexico Department of Public Safety. As Cabinet Secretary, Mr. White has day to day responsibility over the operations of the Department of Public Safety. The New Mexico State Police is a Division of the Department of Public Safety.

5. All acts complained of in this action occurred within the State of New Mexico and are subject to the jurisdiction of this court.

6. Plaintiffs are employed as Special Agents by the Special Investigations Division of the New Mexico State Police a section of the State of New Mexico's Department of Public Safety.

7. Plaintiffs and each of them are certified peace officers as defined under New Mexico State Statutes. Plaintiffs are vested with legal authority to detect, investigate and pursue violations of the State's Liquor and Gaming laws as well as criminal violations of the general criminal laws of the State of New Mexico. The Agents are authorized to arrest individuals who violate the criminal laws of the State of New Mexico.

8. Plaintiffs are supervised by a chain of command comprised of the State Police hierarchy. Plaintiffs are required to abide by the same interdepartmental operating procedures as are the rank and file employees of the State Police possessing similar status. Plaintiffs are authorized to carry and utilize firearms.

9. Plaintiffs are eligible for assignment to the State Police Internal Affairs Unit which investigates wrongdoing

3

within the department ranks. All procedures which govern the Internal Affairs investigations of State Police employees also apply to Plaintiffs.

10. Plaintiffs perform materially the same work as do State Police Officers who are assigned to the State Police Criminal Investigations Division. Plaintiffs however, are compensated according to a substantially lower pay scale and are afforded different and materially diminished fringe benefits including pension benefits than are their State Police Criminal Investigations Division counterparts.

11. Defendants' and each of them in their official capacity have perpetuated without justification or reasonable basis wage and benefit related compensation practices and procedures which amount to a gross violation of Plaintiffs' rights to equal protection under the Fourteenth Amendment to the United States' Constitution. Such action on the part of Defendants is subject to the jurisdiction of this court.

12. Defendant's actions of following inequitable practices and procedures which have resulted in inferior wages and benefits and other compensation to Plaintiffs have caused Plaintiffs to suffer monetary damages in amounts which shall be proven at trial.

PENDENT CAUSE OF ACTION FOR VIOLATION

4

OF THE EQUAL PROTECTION CLAUSE OF THE

NEW MEXICO STATE CONSTITUTION    (28USC1367)

13. Plaintiffs allege and incorporated paragraphs 1 to 12 as though fully set forth below.

14. Each of the allegations expressed above, having to do with violation of the equal protection clause of the 14 amendment to the United States Constitution have a common operative nucleus of fact in regards to Plaintiffs' pendent claim of denial of equal protection under the Constitution of the State of New Mexico, Article II, Section 18. Accordingly, this court in the interest of judicial economy and efficiency may accept jurisdiction over this pendent state claim. (28 USC Section 1367)

15. Defendants and each of them, have without reason or rational basis, perpetuated wage and benefit compensation programs, practices and procedures in a manner which has denied Plaintiffs' equal protection under the New Mexico State Constitution. Such disparity in treatment between the aforementioned classification of State Police employees and Plaintiffs is capricious, arbitrary and without reason or rational basis in fact and constitutes a violation of the Equal Protection Clause of the New Mexico Constitution and therefore able to be redressed as a pendent claim in this court.

16. As a consequence of Defendants' actions, Plaintiffs have suffered monetary damages which may be recovered according to proof.

Prayer for Relief as to all Causes of Action

Plaintiffs and each of them pray that this court award them:

a. Judgment against Defendants and for Plaintiffs;

b. Award of Backpay in amount according to proof covering the period in time from July, 1987 until Judgment is entered;

c. Prospective Order of the court directing the payment of future wages which are in parity with wages paid to their State Police counterparts in the Criminal Investigations Division;

d. The monetary value of the difference between benefits afforded the members of the Criminal Investigations Division of the State Police and the Plaintiffs from July, 1987 to the present;

e. An order directing the Defendant to change its benefit policy to achieve parity between the Plaintiffs and State Police Officers from the date of Judgment forward;

  f. Payment of reasonable attorney's fees and costs of suit as provided under 42 U.S.C. 1988 and pre and post judgment interest as allowed by law,

  g. All other relief that is deemed appropriate by the court.

Respectfully Submitted,

*/s/ Patrick E. Bingham*

Patrick E. Bingham

Attorney for Plaintiffs
3925 N. Randolph Avenue
Los Angeles, CA  90032

(323)221-6203
